(No. 82-CC-2678—)

ANITA NELSON, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed August 7, 1985.*

JAMES KENNY, for Claimant.

NEIL F. HARTIGAN, Attorney General (LYNN SCHOCK, Assistant Attorney General, of counsel), for Respondent.

RAUCCI, J.

This cause arises from Claimant's claim for damages arising from her alighting from a Blazer vehicle in the parking lot of a Secretary of State's driver's licensing facility.

From the evidence introduced at the hearings, it appears that Claimant, Anita Nelson, a female, age 63, was injured on April 23, 1981, in the parking lot at the premises owned and operated by the Secretary of State, State of Illinois, at 5401 North Elston Avenue, Chicago, Illinois. Claimant was upon said premises to conduct official business, *i.e.* transfer her license plate registration.

Claimant alleges that the injury occurred when she was caused to fall after stepping into a large depression or hole in the pavement in the parking lot. Claimant suffered bruises, contusions and a fractured ulna as a result of this occurrence.

Claimant testified she had exited from the passenger side of her daughter's vehicle, which was a 1979 Blazer, which has a high body. It happened at about 3:00 or 3:30 p.m. in the daytime. She claims that she had walked to the rear of said vehicle and was on her way to the entrance of the facility when she stepped into the depression.

Claimant was taken to Resurrection Hospital where she was hospitalized for six days. Claimant was treated

by Dr. Walter T. Hackett and Dr. T. A. Wozniak. No report of the accident was made to the Secretary of State facility at the time of the accident. Chicago Police were called to Resurrection Hospital on the day in question and a report was made by the reporting officer, Stanley Cook. The reporting officer's report reads as follows:

"As victim alighted from daughter's auto (which was parked in public parking lot north of facility) she stepped into slight dip in lot evidently for water drainage, falling onto her right side causing pain to right arm. X-rays to be taken at Resurrection Hospital. R/O's checked parking lot area where victim fell, found no defects at writing of this report; dip found possibly used for water drainage to sewer."

The hospital records in evidence state: "This patient was getting out of a van yesterday and missed a step, falling on her stomach and her right elbow. The patient felt pain in the right elbow and she was brought to the emergency room."

Evidence introduced on behalf of the Respondent indicated that the small depression was approximately 1/4 of an inch in depth. Claimant's photographs in evidence show a tiny crack in what appears to be a trench for a conduit running across the parking lot. In Claimant's exhibit 2, there appears an "X" on a small defect which Claimant's witnesses indicate is the alleged defect which caused Claimant to fall.

Claimant's bills were as follows:

| | |
|---|---|
| Resurrection Hospital (6 days) | $1,697.95 |
| Dr. Wozniak | $ 677.00 |
| Dr. Hackett | $ 301.00 |
| She also had household help in the amount of $300 to $400. | |

Hospital records indicate that Claimant had a fracture of the right elbow; morbid obesity.

The Court is of the opinion that there was no serious

defect in the pavement in Respondent's parking lot. It is further of the opinion that inasmuch as this alleged fall occurred in the daylight, Claimant, in the exercise of due care and caution, should have seen the slight crack in Respondent's pavement.

In addition to the fact that the alleged defect was slight, at best, there is no evidence that Respondent had notice of the defect. (*Heimann v. State* (1977), 32 Ill. Ct. Cl. 111.) The lack of notice of a defect, not so obvious as to put Respondent on notice of its existence, is fatal to Claimant's case.

There is also some doubt as to how the accident happened. The statement in the hospital records signed by the attending physicians states that "the patient was getting out of a van and missed a step, falling on her stomach and her right elbow." This supports the conclusion that she fell getting out of the high Blazer Van and not as a result of any defect in Respondent's parking lot.

It is hereby ordered that this claim is denied.